O

1
2
3
4
5
6
7
8
9

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| SHIRLEY BROWN, | ) | Case No. 18-3418-DDP-AGR |
| | ) | |
| Plaintiff, | ) | **ORDER RE: DEFENDANTS'** |
| | ) | **MOTIONS TO DISMISS THE FIRST** |
| v. | ) | **AMENDED COMPLAINT** |
| | ) | |
| BANK OF AMERICA, N.A., et al, | ) | [Dkts. 48, 50] |
| | ) | |
| Defendants. | ) | |
| | ) | |
| | ) | |
| | ) | |
| | ) | |
| | ) | |
| | ) | |
| | ) | |
| | ) | |
| | ) | |

Presently before the court are Defendants' Motions to Dismiss. Having considered the parties' submissions, the court adopts the following Order.

## I.    BACKGROUND

Plaintiff in pro per Shirley Brown brings this action against Defendants in connection with the foreclosure of her former property in Inglewood, California. (First Amended Complaint ("FAC"), Dkt. 46.) Defendants are Bank of America, N.A. ("Bank of America"); Recon Trust Co., N.A. ("Recon"); Mortgage Electronic Registration Systems, Inc. ("MERS"); and MTC Financial, Inc. ("MTC").

The facts of this case are set forth in the court's previous Orders, *see* Dkts. 17, 45. As relevant here, Plaintiff refinanced the mortgage on the Inglewood property, executing a Deed of Trust.[1] (FAC ¶ 11; Dkt. 36-1, Ex. B.)

In July 2013, Defendant MERS assigned its beneficiary and nominee interest in the Deed of Trust to Defendant Bank of America. (Dkt. 36-1, Ex. C.) As beneficiary, Bank of America substituted Defendant Recon as the trustee on the Deed of Trust in August 2013. (Dkt. 36-1, Ex. D.) Later, in March 2014, Bank of America substituted Defendant MTC as a new trustee on the Deed of Trust. (Dkt. 36-1, Ex. E.)

MTC recorded a Notice of Default in February 2017, (Dkt. 36-1, Ex. F.), followed by a Notice of Trustee's Sale in September 2017, (Dkt. 36-1, Ex. G.) Plaintiff's Inglewood property was sold in December 2017. (Dkt. 36-1, Ex. H.)

In the First Amended Complaint, Plaintiff brings the following causes of action: (1) declaratory relief; (2) fraud; (3) violations of California's Unfair Competition Law ("UCL"), §§ 17200 *et seq.*, and California's False Advertising Law ("FAL"), §§ 17500 *et seq.*; and (9) wrongful foreclosure. (Dkt. 46.)

Defendants now move to dismiss the FAC.

---

[1] The court grants Defendants' unopposed request for judicial notice of the loan, title, and foreclosure documents upon which Plaintiff's FAC relies. (*See* Request for Jud. Notice, Dkt. 49.) *See Knievel v. ESPN*, 393 F.3d 1068, 1076 (9th Cir. 2005) (courts may consider materials outside the complaint in Rule 12(b)(6) motions if their authenticity is not contested and if they are referenced in the complaint).

## II.    LEGAL STANDARD

Under Rule 12(b)(1), a complaint may be dismissed for lack of subject matter jurisdiction. Fed. R. Civ. P. 12(b)(1). When considering a Rule 12(b)(1) motion challenging the substance of jurisdictional allegations, the Court may look beyond the complaint. *White v. Lee*, 227 F.3d 1214, 1242 (9th Cir.2000).

When considering a Rule 12(b)(6) motion, a court must "accept as true all allegations of material fact and must construe those facts in the light most favorable to the plaintiff." *Resnick v. Hayes*, 213 F.3d 443, 447 (9th Cir. 2000). A complaint will survive a motion to dismiss when it contains "sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). Although a complaint need not include "detailed factual allegations," it must offer "more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Iqbal*, 556 U.S. at 678. Conclusory allegations or allegations that are no more than a statement of a legal conclusion "are not entitled to the assumption of truth." *Id.* at 679. In other words, a pleading that merely offers "labels and conclusions," a "formulaic recitation of the elements," or "naked assertions" will not be sufficient to state a claim upon which relief can be granted. *Id.* at 678 (citations and quotation marks omitted).

## III.    DISCUSSION

### A.    Rule 12(b)(1) Motion

Defendant MTC moves to dismiss under Rule 12(b)(1) for lack of subject-matter jurisdiction. MTC argues that the court lost its jurisdiction as soon as it dismissed Plaintiff's only federal claim from the complaint. In addition, there exists no basis for diversity jurisdiction over the parties pursuant to 28 U.S.C. § 1332.

However, a district court retains broad discretion to continue to exercise jurisdiction over supplemental claims even after it has dismissed all federal claims. *See* 28 U.S.C. § 1367(c)(3). In particular, a district court may decide to retain supplemental

3

claims when returning them to state court would be a waste of judicial resources. *Destfino v. Reiswig*, 630 F.3d 952, 958 (9th Cir. 2011); *Imagineering, Inc. v. Kiewit Pac.*, 983 F.2d 1277, 1284 (9th Cir. 1993). Consistent with these principles, the court exercises its discretion to retain original jurisdiction over Plaintiff's state law claims.

MTC's motion to dismiss is therefore DENIED.

### B. Rule 12(b)(6) Motion

Plaintiff's FAC alleges the same underlying theories of recovery that the court rejected in its prior Order, *see* Dkt. 45. Namely, Plaintiff claims that Defendants unlawfully foreclosed on her home because the Deed of Trust is invalid and because Defendants were not properly assigned any rights under the Deed of Trust. The court disagrees and, for the same reasons set forth in its previous Order, concludes that the FAC fails to state a viable basis for recovery against Defendants.

### (1) Declaratory Relief & Wrongful Foreclosure

Plaintiff's new claim for declaratory relief appears to function as a quiet title claim. Specifically, Plaintiff seeks that "the Trustee's sale be voided," and that she receive "quiet title" to the property. (FAC ¶ 41(e).) A prerequisite to quiet title, however, is tender of the amounts owed. *Lueras v. BAC Home Loans Servicing, LP*, 221 Cal. App. 4th 49, 86 (2013). Similarly, a claim for wrongful foreclosure must allege that Plaintiff "tendered the amount of the secured indebtedness or was excused from tendering." *Lona v. Citibank, N.A.*, 202 Cal. App. 4th 89, 104 (2011).

Plaintiff alleges that "tender was made" through this court's judgment in a related case, ordering Bank of America to apply a stake to the remaining balance on her mortgage. (FAC ¶ 40.) Yet the FAC also alleges that Bank of America failed to apply the stake to her mortgage balance, and so the indebted amount was not tendered. (*Id.* ¶ 40.) Because Plaintiff cannot plead tender of the mortgage balance, the court dismisses Plaintiff's declaratory relief and wrongful foreclosure claims with prejudice.

### (2) Fraud

4

The court previously instructed Plaintiff that she must plead fraud with particularity, pursuant to the heightened pleading standard of Rule 9(b). *See* Fed. R. Civ. P. 9(b); *Vess v. Ciba-Geigy Corp. USA*, 317 F.3d 1097, 1105 (9th Cir. 2003). Plaintiff has not materially altered the allegations in her fraud claim.

In an untimely opposition brief, Plaintiff alleges for the first time that Defendants have engaged in a "fraudulent mortgage transfer of Chapter 11 Bankruptcy assets." (Dkt. 53 at 2.) Plaintiff's theory is unclear, but it appears that the parent company of the original trustee on the Deed of Trust filed for bankruptcy. Plaintiff, however, does not specify how or why the bankruptcy dissolves her obligations under the Deed of Trust. Nor does Plaintiff cite to any law in support of her claims.

Because Plaintiff has failed to identify a viable theory of fraud or to supplement the previous allegations of fraud, the court dismisses this claim with prejudice.

**(3) UCL and FAL**

Plaintiff's UCL and FAL claims also rely upon the same allegations as contained in the previous complaint. The court earlier ruled that these allegations were cursory and insufficient to state a claim.

In particular, Plaintiff claims that Defendants actions have violated the UCL's "unlawful" prong by acting in contravention of California Civil Code §§ 2932, 2924, 1708, 1709, and 2937(a). (FAC ¶ 56.) Once again, Plaintiff does not specify the precise manner in which these provisions have been violated. Even so, the code provisions largely concern the assignment of rights under the Deed of Trust. As the FAC fails to identify any material defects with the Deed of Trust, or the assignment of rights thereunder, the court dismisses Plaintiff's UCL and FAL claims with prejudice. [2]

---

[2] Defendants Bank of America, Recon, and MERS also claim that Plaintiff's claims against them are barred by res judicata. The court declines to reach this issue, however, as it grants the Rule 12(b)(6) motion on other grounds.

## IV. CONCLUSION

For the reasons stated above, Plaintiff's FAC is dismissed with prejudice. [3]

**IT IS SO ORDERED.**

Dated: 11-5-18

_____

DEAN D. PREGERSON

UNITED STATES DISTRICT JUDGE

_____

[3] The court observes that Defendant MTC did not join in the Rule 12(b)(6) motion filed by Defendants Bank of America, Recon, and MERS. Nonetheless, because the court's reasoning in granting the Rule 12(b)(6) motion applies equally to Defendant MTC, then the court exercises its discretion to dismiss the complaint as to Defendant MTC also.